IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELLA SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | NO. 21-5048 |

**MEMORANDUM**

**Padova, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**May 9, 2022**

Plaintiff Marcella Smith commenced this action against Defendant Allstate Vehicle and Property Insurance Company ("Allstate"), asserting claims for breach of a homeowners insurance policy (the "Policy") and for bad faith conduct in violation of 42 Pa. Cons. Stat. Ann. § 8371. Allstate has moved to dismiss Count I, the bad faith claim, arguing that it does not state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we deny Allstate's Motion.

**I.　　FACTUAL BACKGROUND**

The Complaint alleges the following facts. Allstate issued Plaintiff an insurance policy covering Plaintiff's property located at 719 Belmont Avenue, Milmont Park, Pennsylvania (the "Property"). (Compl. ¶ 4.) On August 4, 2020, while the Policy was in effect, Hurricane Isaiah caused wind and water damage to the Property. (Id. ¶ 8.) The wind and water damage constituted a covered loss pursuant to the terms and conditions of the Policy, and Plaintiff notified Allstate of the losses and made a proper claim under the Policy. (Id. ¶¶ 9-10.)

Thereafter, Allstate failed to fairly and adequately evaluate Plaintiff's claim or make a reasonable effort to negotiate a timely settlement of the claim. (Id. ¶¶ 15(a), (b).) It assigned multiple claim representatives who were unaware of the history of Plaintiff's claim, refused to acknowledge receipt of engineering reports submitted by Plaintiff and Ridley Township, and failed

to acknowledge or respond to proofs of loss that Plaintiff submitted. (Id. ¶¶ 15(j), (l), (n).) At the same time, Allstate denied Plaintiff's claim without engaging its own engineering expert. (Id. ¶ 15(u).) Plaintiff was forced to retain the services of a public insurance adjuster and obtain an Appraisal, which proved that Allstate had grossly undervalued her claim. (Id. ¶¶ 15(i), (s).)

Eventually, Allstate reversed its coverage determination and provided coverage, admitting that its denials of the claim had been unsubstantiated, but this was not until 5 months after Plaintiff submitted her claim. (Id. ¶¶15(h), (v).) In the meantime, Allstate refused to issue any substantial advance payment to permit Plaintiff to seek alternative shelter, and "Ridley Township compelled the demolition of the [P]roperty." (Id. ¶¶ 15(o), (m).) In addition, Plaintiff lost her job as a medical insurance biller because her alternative living arrangements lacked a dedicated, HIPAA-compliant workspace, and she had to sell personal property and use personal funds from her deceased husband's insurance policy for her living expenses. (Id. ¶¶ 15(q), (t).) Allstate has still "refused to fully compensate, and make full payment to, Plaintiff for [her] losses." (Id. ¶ 11.)

The Complaint asserts two counts under Pennsylvania law against Allstate. Count I asserts a claim for bad faith in violation of 42 Pa. Cons. Stat. Ann. § 8371, and Count II asserts a claim for breach of contract. Allstate seeks dismissal of Count I pursuant to Rule 12(b)(6).

## II.  LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). We take the factual allegations of the complaint as true and "'construe the complaint in the light most favorable to the plaintiff.'" Shorter v. United States, 12 F. 4th 366,

371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). However, we "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which "'gives the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); and then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555), cert. denied, 141 S. Ct. 2670 (2021).

**III.    DISCUSSION**

Allstate has moved to dismiss Count I of the Complaint, arguing that Count I does not state a claim for bad faith upon which relief can be granted. The Pennsylvania insurance bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

3

>> (2) Award punitive damages against the insurer.
>
>> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. "'Bad Faith on the part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.'" Atiyeh v. Nat'l Fire Ins. Co., 742 F. Supp. 2d 591, 598 n.14 (E.D. Pa. 2010) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). "'For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.'" Id. (quoting Terletsky, 649 A.2d at 688).

In order to succeed on a claim of bad faith pursuant to § 8371, the plaintiff must "demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis." Id. at 598 (citing Toy v. Metro. Life Ins. Co., 928 A.2d 186, 193 (Pa. 2007). At the same time, "'[S]ection 8371 is not restricted to an insurer's bad faith in denying a claim. An action for bad faith may [also] extend to the insurer's investigative practices.'" Greene v. United Servs. Auto. Ass'n, 936 A.2d 1178, 1187 (Pa. Super. Ct. 2007) (alterations in original) (quoting Condio v. Erie Ins. Exch., 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006)). Indeed, the term bad faith "encompasses a wide variety of objectionable conduct," including "'lack of good faith investigation into facts, and failure to communicate with the claimant.'" Id. at 1188 (quoting Condio, 899 A.2d at 1142).

A complaint must allege "specific facts as evidence of bad faith and cannot rely on conclusory statements." Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012)) (additional

4

citations omitted). "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." Id. (citing Atiyeh, 742 F. Supp. 2d at 600). To that end, a complaint must "'describe who, what, where, when, and how the alleged bad faith conduct occurred.'" Mattia v. Allstate Ins. Co., Civ. A. No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (quoting Miracle Temple Christian Acad. v. Church Mut. Ins. Co., Civ. A. No. 12-995, 2012 WL 1286751, at *4 (E.D. Pa. Apr. 16, 2002)) (citations omitted); Tung Thien Nguyen v. Allstate Ins. Co., Civ. A. No. 18-5019, 2019 WL 2089994, at *4 (E.D. Pa. May 10, 2019) ("A bad faith claim is 'fact specific' and depends upon the insured's conduct in connection with handling and evaluating a specific claim." (quoting Amica Mut. Ins. Co. v. Das, Civ. A. No. 18-1613, 2018 WL 6435332, at *2 (E.D. Pa. Dec. 7, 2018)).

Allstate argues that Plaintiff does not plead sufficient factual allegations to support a bad faith claim, as required by Twombly. Specifically, Allstate argues that the Complaint's allegations fail to adequately allege that Allstate engaged in unreasonable and reckless conduct and, rather, merely alleges a dispute over Allstate's failure to pay Plaintiff's insurance claim.

Paragraph 15 of the Complaint provides Plaintiff's primary factual support for her bad faith claim. (See Compl. ¶ 15.) Although some of the averments in that paragraph are conclusory, others assert factual matter that gives rise to a reasonable inference that Allstate denied Plaintiff the benefits of her Policy in bad faith. For instance, while the Complaint alleges generally that Allstate "fail[ed] to make a reasonable effort to negotiate the timely settlement of the claim," it also alleges more specifically that Allstate refused to acknowledge receipt of Plaintiff's and Ridley Township's engineering reports, as well as receipt of Plaintiff's proofs of loss, and failed to engage its own third-party engineering expert to counter Plaintiff's engineering reports. (Compl. ¶¶ 15(a), (l), (n), (u)). See Mitchell v. State Farm Fire & Cas. Ins. Co., Civ. A. No. 17-0737, 2017 WL

5

3034897, at *3 (E.D. Pa. July 18, 2017) (finding allegation that insurer ignored insured's expert reports to support bad faith claim).  Similarly, the general allegation that Allstate "act[ed] unreasonabl[y] and unfairly in response to Plaintiff's claim" is supported by additional factual allegations that Allstate assigned multiple claim representatives to Plaintiff's claim, none of whom were aware of the history of the claim and all of whom refused to respond properly to Plaintiff (Compl. ¶¶ 15(d), (j)), did not make any offer to tender a policy benefit for five months (id. ¶ 15(v)), and "grossly undervalued" Plaintiff's claim as was subsequently proven by an appraisal (id. ¶ 15(s)).

Upon consideration of the totality of the Complaint and drawing all reasonable inferences in favor of Plaintiff, we conclude that the Complaint's allegations regarding Allstate's unresponsiveness to Plaintiff, investigative failures, dilatory conduct, and unsubstantiated coverage denials go beyond mere boilerplate assertions and provide sufficient factual content to survive Allstate's Motion to Dismiss.

## IV. CONCLUSION

For the reasons stated above, we deny Allstate's Motion to Dismiss Count I of the Complaint.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.